### HENRY WRAPE COMPANY *v.* HUDDLESTON.

Opinion delivered March 11, 1899.

NEGLIGENCE—STRUCTURAL DEFECT IN MACHINERY—CONTRIBUTORY NEGLIGENCE.—Where an employee, engaged in operating a barrel saw in a stave factory, was injured while attempting to unchoke the hopper which received the sawdust and splinters, he cannot recover on account of any defect in such hopper if his injury was due to his using a short and weak stick, so that when it broke his hand suddenly came in contact with the revolving saw and was injured. (Page 239.)

Appeal from Green Circuit Court.

FELIX G. TAYLOR, Judge.

*Dodge & Johnson, Carroll & Pemberton,* for appellant.

The plaintiff cannot recover, because he was guilty of contributory negligence, in that he used too short a stick in un-

clogging the saw. 70 N. W. 176; 163 Mass. 515; 23 Pa. St. 147; 36 Ark. 46; *ib.* 377; 51 Ark. 467; 47 Ark. 504; 41 Ark. 542; 95 U. S. 439; 71 Fed. 270; 8 Pac. 888; 67 N. W. 633; 40 N. E. 430; 37 N. E. 1065; 148 Mass. 533. The evidence does not support the verdict. The court erred in the admission of evidence and in giving and refusing instructions. It was error to allow counsel for plaintiff to say, in the presence and hearing of the jury, "that he did not propose to use any other witnesses who were employed by defendant." 65 Ark. 619; 48 Ark. 141; 48 *ib.* 173; 61 *id.* 137; 75 Ind. 220; 156 U. S. 361. Appellee knew of the defect, and assumed the risk.

*John Huddleston, pro se.*

Defendant is liable because, by its promise to repair the machinery, it induced plaintiff to continue to operate same. 35 Ark. 602; 38 N. W. 632; 16 Pac. 46; 8 S. W. 871; 15 S. W. 831; 67 N. W. 358; 40 Pac. 995; 38 N. E. 842; 59 N. W. 531; 54 Ark. 289. Contributory negligence is a question for the jury, and their verdict concludes the matter, if supported by any evidence. 34 S. W. 889.

BUNN, C. J. This is a suit for personal damages by the appellee as an employee of appellant, a corporation operating a stave factory. The damages claimed were $5,000, and the jury returned a verdict for $1,000, and judgment was rendered accordingly, and from this judgment this appeal was taken.

The charge of negligence against the company is, in effect, that it failed and neglected to maintain a reasonably safe place in which the plaintiff was required to work, and to keep reasonably safe implements with which he was required to work, and specifically that, while plaintiff was required to manage a barrel saw and the machinery immediately connected therewith, the defendant negligently continued to use a hopper after a hole had worn in one side of it, by which the sawdust and splinters falling from the barrel saw therein would clog up the passage-way for the same to pass off, necessitating frequent unchoking, and thus subjecting the plaintiff to increased and more frequent risks; and that, while attempting to

remove the obstruction on one occasion, he received a severe wound by his hand coming in contact with said barrel saw.

The only complaint of negligence on the part of the defendant is in operating the machine after the hole had worn in the hopper, which, from the statement of the complaint, seems to have been around the barrel saw for the purpose of catching the saw dust and splinters made by the operation of the saw. There is just the smallest amount of proof of negligence, if any, on the part of defendant, or that the alleged negligence really increased the risk.

The uncontradicted evidence shows that the operation of the saw and connecting machinery, even with the defect in the hopper, was attended with no risk, and involved no real danger to the operator who should exercise ordinary care. The hurt was occasioned by an effort of plaintiff to unchoke the hopper, in which he made use of a short stick thirteen or fourteen inches strong, and too weak for the purpose, instead of a sufficiently long stick thirty-one or thirty-two inches long, near at hand, and kept and used for that purpose. The shortness of the stick used by the plaintiff brought his hand nearer to the saw, and when it broke the hand suddenly came in contact with the rapidly revolving saw, and produced the injury complained of. The manner of the attempt to remove the dust and splinters was also careless, the movement of the hand in the operation being in the direction of the saw. There does not appear to have been any reasonable excuse for the use of the shorter and weaker stick, nor for the careless manner in which plaintiff sought to perform this particular duty. Under the circumstances, the verdict of the jury was without evidence to support it, in this, that the uncontradicted evidence shows that the plaintiff carelessly and negligently contributed to his own injury. The judgment is therefore reversed, and the cause remanded for a new trial.